# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By cmurray at 1:40 pm, Dec 19, 2012

In the matter of: )
 )  Chapter 7 Case
KENNETH R. HARDIGAN )
 )  Number 12-40484
        *Debtor* )
 )
SUNTRUST BANK )
 )
        *Movant* )
 )
v. )
 )
KENNETH R. HARIDGAN )
 )
        *Respondent* )

## OPINION AND ORDER ON SUNTRUST BANK'S MOTION FOR SUMMARY JUDGMENT

### FINDINGS OF FACT

Debtor filed his Chapter 7 case on March 7, 2012. Debtor is sixty years old and works as a cardiologist. On the petition date, Debtor resided in a home located at 1 West Bluff Drive in Savannah, Georgia. SunTrust Bank ("STB") held a claim against Debtor for $905,842.91, secured by a second mortgage on the Bluff Drive property.

On May 17, 2012, STB filed a Motion to Convert to Chapter 11 or, in the

AO 72A
(Rev. 8/82)

Alternative, to Dismiss. Dckt. No. 28. STB subsequently filed a Motion for Summary Judgment on October 23, 2012. Dckt. No. 82. STB's Motion argues that there is no genuine issue as to any material fact and that STB is entitled to judgment as a matter of law, pursuant to 11 U.S.C. § 707(b)(3)(B), converting Debtor's case from Chapter 7 to Chapter 11. *Id.* at 1. Debtor filed his Response to Motion by STB for Summary Judgment on November 13, 2012. Dckt. No. 95.

The Court adopts the parties' stipulations of fact numbered 1-117 in full. Statement of Facts Not in Dispute, Dckt. No. 87.

## CONCLUSIONS OF LAW

Currently pending before the Court is STB's Motion for Summary Judgment. Dckt. No. 82. Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56, governs Motions for Summary Judgment in contested matters. *See* FED. R. BANKR. P. 9014(c). The moving party bears the burden to prove that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A court may grant summary judgment "where the material facts concerning a claim cannot reasonably be disputed." Schechter v. Ga. State. Univ., 341 Fed.Appx. 560, 563 (11th Cir. 2009). A fact is "material" if it might affect the outcome of the case. FindWhat Investor Group v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011). In determining whether the movant

has met its burden, the Court must examine the evidence and make all reasonable inferences in favor of the opponent. *In re* Pony Express Delivery Services, Inc., 440 F.3d 1296, 1300 (11th Cir. 2006).

STB contends that Debtor's case is abusive under § 707(b)(3) of the Bankruptcy Code. This Code section dictates that the Court consider whether the "totality of the circumstances . . . of the debtor's financial situation demonstrates abuse." 11 U.S.C. § 707(b)(3). This Court has previously determined that undergoing a totality of the circumstances analysis requires an assessment of eight non-exclusive factors. *In re* Truax, 446 B.R. 638, 642 (Bankr. S.D. Ga. 2010) (Davis, J.); *In re* Allen, 411 B.R. 913, 921-22 (Bankr. S.D. Ga. 2009) (Davis, J.); *In re* James, 414 B.R. 901, 914 (Bankr. S.D. Ga. 2008) (Davis, J.).

These factors include: (1) Whether the bankruptcy filing was precipitated by an unforeseen or sudden calamity, such as an illness or unemployment; (2) Whether the debtor is eligible for chapter 13 relief; (3) Whether the debtor has made any efforts to repay his debts or negotiate with creditors; (4) Whether the debtors could provide a "meaningful" distribution in a chapter 13 case; (5) Whether the debtor's expenses could be reduced significantly without depriving them and their dependents of necessities, including whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition; (6) The period of time over which the debts

were incurred; (7) Whether the debtor has a stable source of future income; and the most important factor, (8) Whether the debtor has the ability to repay a meaningful portion of his debts from future income. Truax, 446 B.R. at 642. Though the eighth factor is the most important, the ability to repay debt is not the Court's sole consideration. *In re* Cribbs, 387 B.R. 324 (Bankr. S.D. Ga. 2008) (Davis, J.).

In *In re* McKay, 463 B.R. 915 (Bankr. S.D. Ga. 2010) (Davis, J.), I made it clear that the totality of the circumstances test is not a mere mechanical exercise. *Id.* at 921 ("this Court refuses to apply the factors in a mathematical way. As I am directed by the Code, I will–as always–assess the 'totality of the circumstances' holistically, not simply mechanically run down a checklist."). In an effort to provide a framework for the parameters of this analysis, courts have endeavored to identify factors that merit consideration, if for no other reason than to provide guidance to attorneys and to demonstrate that the decision is rooted in something more than an individual judge's subjective feeling. Still, as I noted in McKay, to prevail in these cases, more is required than marking X's on a checklist.

Once the factors are all weighed, the lodestar is whether Debtor has "abused the bankruptcy system by filing the petition in bad faith." *Id.* at 925. Bad faith is determined on a case-by-case basis considering whether the provisions, purpose, or spirit of the bankruptcy laws have been abused. *In re* Smith, 229 B.R. 895, 897 (Bankr. S.D. Ga. 1997) (Dalis, J.). Considering this, it is obvious that the totality of the circumstances analysis, by

its nature, requires substantial inquiry into all the facts surrounding the case, and potentially even into a debtor's state of mind. Courts must be exceptionally cautious in granting summary judgment where issues involving a party's state of mind are present. See In re Varrasso, 37 F.3d 760, 764 (1st Cir. 1994). Thus, totality cases are seldom, if ever, appropriate for summary judgment rulings, and clearly this one is not.

STB focuses mainly on Debtor's ability to repay his debts from future income and the totality factors that coincide with that analysis. Motion for Summary Judgment, Dckt. No. 82 at 4-6. STB argues that Debtor, as a cardiologist, has an extremely stable source of future income, having received large bonuses in the past and a significant monthly draw. Id. at 6. STB also asserts that several of Debtor's expenses could be reduced to increase his disposable monthly income. Id. at 4-6.

Debtor admits that, assuming he stays healthy enough to practice, he is likely to have income at some level. Debtor's Response, Dckt. No. 95 at 8. However, Debtor contends that the historical income figures used by STB do not take into account that such income was based on Debtor, a sixty year old man, working eighty to ninety hours a week at two jobs. Debtor's Statement of the Case, Dckt. No. 86 at 3. Debtor's second job with Meadows Regional Medical Center ended August 20, 2012. Statement of Facts Not in Dispute, Dckt. No. 87 at ¶ 77. Debtor also argues that other factors, such as Medicare reimbursement cuts, will likely further reduce Debtor's income in the future. Debtor's

Statement of the Case, Dckt. No. 86 at 3.

Though the parties have stipulated to most of the facts in this case, clearly disputes are still present here. *See* Statement of Facts Not in Dispute, Dckt. No. 87 at 6-7. Indeed "[s]ummary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts." Clemons v. Dougherty County, Ga. 684 F.2d 1365, 1369 (11th Cir. 1982). The Court holds that there are genuine disputes of material fact present here, as well as disputed inferences stemming from these facts.

At minimum, there are genuine factual disputes between the parties arising from certain of Debtor's expenses and the events that precipitated Debtor's bankruptcy filing. *See* Statement of Facts in Dispute, Dckt. No. 87 at 7, ¶¶ 4, 7, 8.[1] These disputes are material

---

[1] The parties agree that these facts, among others, are in dispute:

> 4. As a result of the real estate crash, and the problems with the 1 W. Bluff Drive renovation, SunTrust became concerned about its collateral position and forced Dr. Hardigan to sell the Colorado properties in 2010 at more than a million dollars below their pre-crash values.
> 7. Dr. Hardigan and the cardiologists with whom he practices formed an entity to buy a medical office in a South Carolina medical complex from which Savannah Cardiology would operate. When the developer of the medical complex filed bankruptcy, the individual owners were left with the unfortunate choice of losing their investment to foreclosure of the underlying development/construction loan or stepping in to rescue the project. They chose to do the latter, and the doctors of Savannah Cardiology were required by SunTrust Bank to sign personal guarantees of the debt. Dr. Hardigan and his fellow cardiologists have been subsidizing the project which remains uncompleted.
> 8. Dr. Hardigan's subsidy of the South Carolina medical complex is effectively a business expense if he wishes to continue practicing with Savannah Cardiology, P.C.

as to factors 1, 5, 6, 7, and 8 of the totality of the circumstances test laid out by this Court. Most critically, there is a genuine dispute of material fact as to Debtor's ability to repay a meaningful portion of his debts from future income. Both the Debtor and STB acknowledge that, at present, it is difficult or impossible to determine what the percentage payout to unsecured creditors would be. Motion for Summary Judgment, Dckt. No. 82 at 5; Debtor's Response, Dckt. No. 95 at 7. Debtor argues that depending on the outcome of the trial with K.A.P., Inc. and whether substantial administrative expenses are incurred, the distribution could be as low as ten percent or less if such events are coupled with a decrease in Debtor's income. Debtor's Response, Dckt. No. 95 at 7. STB argues that the percentage is much higher, upwards of potentially sixty or seventy percent. Motion for Summary Judgment, Dckt. No. 82 at 5. Where the record reflects such factual disagreements and inferential disputes, summary judgment is inappropriate. *See* Clemons, 684 F.2d at 1369 ("if the record presents factual issues, the court must not decide them [on summary judgment]; it must deny the motion and proceed to trial.").

At this point, the Court cannot rule on the § 707(b)(3) issue as a matter of law. STB argues that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law, pursuant to 11 U.S.C. § 707(b)(3), converting Debtor's case from Chapter 7 to Chapter 11. Motion for Summary Judgment, Dckt. No. 82. However, viewing the evidence in a light most favorable to the non-moving party, the Court finds that there are one or more genuine disputes of material fact here. Therefore, the Court cannot

grant STB's motion.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that SunTrust Bank's Motion for Summary Judgment is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 19th day of December, 2012.